IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-1205-CV-W-ODS |
| DANA R. McKINNEY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION VACATING ENTRY OF DEFAULT AND DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

The Court holds that it lacks subject-matter jurisdiction.  The entry of default is vacated and the action dismissed.


## I. BACKGROUND


HICA brought this action alleging Defendant defaulted on three promissory notes. HICA is the owner and/or holder of the notes, which were executed under the Health Education Assistance Loan ("HEAL") program, *see* 42 U.S.C. § 292 *et seq.*  The HEAL program was created by the federal government to assist students seeking educational training in the medical field.  HEAL loans are insured by the U.S. Department of Health and Human Services.


## II.  DISCUSSION


Federal courts are under an independent obligation to determine whether subject matter jurisdiction exists.  *Arbough v. Y&H Corp.,* 546 U.S. 500, 514 (2006).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal courts have jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. HICA's claim against Defendant is to enforce promissory notes, which is created by state law. Generally, a claim created by state law arises under state law, but it is possible for a claim created by state law to also arise under federal law if the state law implicates significant federal issues. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). For a case to fit within this special and small category, the state law claim must raise a stated federal issue, actually disputed and substantial, and for which there is a special reason to believe the federal courts should entertain the suit. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006); *Grable,* 545 U.S. at 314.

The Court has recently addressed the issue in a different suit brought by HICA. There, HICA asserted its claim "depends upon the Court's enforcement of the federal HEAL statutes and regulations." HICA identifies no federal law that will be enforced by its action for default. Rather, it is the promissory note that will be enforced. This case is merely a dispute between a person entitled to enforce a note and a borrower. *See Inter-American University of Puerto Rico, Inc. v. Concepcion,* 716 F.2d 933, 934 (1st Cir. 1983) (dismissing for lack of federal-question jurisdiction lender's action to collect loans made under program established by Higher Education Act of 1965). The fact that federal law requires HICA to prosecute this action to be eligible for payment under its insurance contract with the government does not mean federal law is being "enforce[d]" by the action. "It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction." *Inter-American University of Puerto Rico,* 716 F.2d at 934.

HICA argued that the nature of the loan agreement with Defendant must be interpreted in accordance with the provisions of the federal HEAL program, and cites various requirements federal law imposes on HEAL loans. But this does not require the Court to decide a federal issue. All HICA's argument shows is that HEAL loans are regulated. State courts are competent to apply whatever federal law, if any, is implicated by HICA's action. *See Empire Healthchoice Assur.,* 547 U.S. at 701. The fact that HICA will be required to assign the judgment entered in this case to the

Department of Health and Human Services is also of no consequence: HICA must first obtain a judgment before it can assign it, and the fact that (1) it will assign it to a federal agency and (2) the federal agency will likely take some action does not mean there is federal jurisdiction over *this* case.  While the federal program promotes the Government's interest in insuring prompt and certain collection of loans, HICA's claim does not contain any element of federal law.  *Cf. Grable*, 545 U.S. at 314-15, 320 (holding federal-question jurisdiction existed in part because disputed federal issue was "essential element" of state-law claim and was dispositive).

## III. CONCLUSION

The Court lacks subject matter jurisdiction over HICA's claim.  The entry of default is vacated, and the case is dismissed.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith_____
                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 18, 2011                           UNITED STATES DISTRICT COURT